ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**

FOR THE _Northern_ DISTRICT OF TEXAS

_Dallas_ DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUN 24 PM 1:18

DEPUTY CLERK_____

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

_Daniel Gruenfelder #1076538_
Plaintiff's name and ID Number
_McConnell Unit - TDCJ-CID_
_3001 S. Emily Drive_
_Beeville, Texas 78102_
Place of Confinement

**3-13CV2399-M**

CASE NO: _____
(Clerk will assign the number)

v.
_April Smith_
_P.O.Box 870550 Mesquite, Tx 75187-0550_
Defendant's name and address
_Hon. Susan Hawk 291st District Court_
_133 N. River front Blvd LB34_
_Dallas, Texas 75207_
Defendant's name and address
_Craig Watkins_
_133 N. Riverfront Blvd LB 19_
_Dallas, Texas 75207-4399_
Defendant's name and address
(DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

# FILING FEE AND IN FORMA PAUPERIS

1.  In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2.  If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3.  28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4.  If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

# CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I.  PREVIOUS LAWSUITS:

A.  Have you filed any other lawsuits in the state or federal court relating to imprisonment?  _____ YES   X   NO

B.  If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit: _____

2.  Parties to previous lawsuit:
    Plaintiff(s): _____

    Defendant(s): _____

3.  Court (If federal, name the district; if state, name the county) _____

4.  Docket Number: _____

5.  Name of judge to whom case was assigned: _____

6.  Disposition: (Was the case dismissed, appealed, still pending?)

_____

7.  Approximate date of disposition: _____

## II. PLACE OF PRESENT CONFINEMENT:

3001 S. Emily Drive
Beeville, Texas 78102 McConnell Unit

## III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? _N/A_   YES   ___   NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

## IV. PARTIES TO THE SUIT:

A. Name of address of plaintiff: Daniel Gruenfelder 3001 S.Emily Drive
Beeville, Texas 78102

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: April E. Smith - Court Investigator - Dallas County Courts
P.O. Box 870550 Mesquite, Tx 75187-0550

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Committed fraud when working in her official capacity - Violated RICO.

Defendant #2: Honorable Susan Hawk, 291st District Judge, Dallas County Courts.
133 N. Riverfront Blvd LB34, 7th floor Dallas, Texas 75207

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Allowed fraud to be committed in her Court - Violated R.I.C.O. Act.

Defendant #3: Craig Watkins, District Attorney, Dallas County
133 N. Riverfront Blvd LB19 Dallas, Texas 75207-4399

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Allowed fraud to take place in Courtroom, Violated the R.I.C.O. Act.

Defendant #4: Jane and John Does of the Assistant District Attorneys
Office of Dallas County, 133 N. Riverfront Blvd LB19 Dallas, Tx 75207

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Committed fraud and Violated the R.I.C.O. Act.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

ATC 1983 (Rev. 04/06)                    Page 3 of 5

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Plaintiff filed a writ of habeas corpus with the 291st District Court within Dallas County for cause number F00-37284-UA. Plaintiff hired a Dallas attorney to assist him with this writ. April E Smith was appointed to conduct an investigation into Plaintiffs writ. Ms Smith gave facts and conclusions of law to the effect that ground Eight failed to list the jurors Names and was denying the writ based on her false statement. The trial judge agreed with this fraud and the district attorneys office concured with this fraudulent conclusion of my writ. I am claiming this in good faith and clear hands. This equity claim is being used as I have No other remedy and there is a constitutional violation as the defendants used bad faith.

## VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

Allow a proper hearing on my writ of habeas corpus without Fraud. Injunction Relief for this and declatary relief.

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Daniel Gruenfelden

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

1076538

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  X  NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): _____

2. Case Number: _____

3. Approximate date sanctions were imposed: _____

4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES ____ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning were imposed: _____

Executed on: _____        _____
                  (Date)                                  (Printed Name)

                                          _____
                                              (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this ___1 ST___ day of ___June.___, 20 __13__.
                 (Day)                (Month)              (Year)

                                          _Daniel Gruenfelder_
                                              (Printed Name)

                                          _____
                                              (Signature of Plaintiff)

**WARNING:  The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions.  The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

_Exhibit A_

CAUSE NO. W00-37284-U(A)

| | | |
|---|---|---|
| EX PARTE | * | IN THE 291st |
| Daniel Gruenfelder | * | JUDICIAL DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the Applicant's confinement exist. The Court finds that each of the allegations set forth in the application are controverted, unresolved factual issues which require additional evidence and/or testimony to be resolved.

The court appoints April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

_Above appointed attorney does not represent the Applicant. Applicant is not entitled to counsel at this time._

The Clerk of the Court is ORDERED to send a copy of this order to Applicant, or Applicant's counsel (if so represented) and to counsel for the State.

Signed this 20 day of May, 2010.

Susan Hawk

JUDGE

Exhibit B

WRIT NO. W00-37284-U(B)

| | | |
|---|---|---|
| EX PARTE | * | IN THE 291ST JUDICIAL |
| DANIEL JOSEPH GRUENFELDER, | * | DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day came on to be considered Applicant's Application for Writ of Habeas Corpus and the State's Response. Having considered these pleadings and the official court records, as well as all exhibits and affidavits offered by both parties, this Court enters the following findings of fact and conclusions of law.

## HISTORY OF THE CASE

Applicant was convicted of aggravated sexual assault and was sentenced to 50 years confinement. His conviction was affirmed on direct appeal. *See Gruenfelder v. State,* No. 08-02-00149-CR (Tex. App. -- El Paso October 16, 2003, pet. ref'd) (not designated for publication).

This is Applicant's second application for writ of habeas corpus. His first application was denied on the merits on January 10, 2007.

## ISSUES RAISED IN APPLICATION

1. Applicant asserts that he is actually innocent.

2. Applicant asserts that he received ineffective assistance of counsel. He alleges that counsel failed to object to testimony regarding extraneous offenses. and failed to request a hearing on the Motion for New Trial.

107

"EXHIBIT 1"

3. Applicant alleges that the prosecutor engaged in misconduct by failing to give notice regarding the extraneous offenses.

4. Applicant alleges that the trial court abused its discretion in admitting evidence regarding extraneous offenses.

5. Applicant asserts that he received ineffective assistance of counsel. He alleges that counsel failed to request a hearing on the Motion for New Trial.

6. Applicant asserts that he was denied a fair trial because the jurors discussed the case before deliberations.

7. Applicant asserts that he was given an incomplete record of voir dire on appeal.

8. Applicant asserts that his appellate counsel was ineffective because he failed to procure a complete list of the jurors to include in the appellate record.

9. Applicant asserts that the jury was unconstitutionally impaneled.

10. Applicant asserts that he received ineffective assistance of counsel when he allowed a biased jury to be impaneled.

11. Applicant asserts that he failed to request a limiting instruction.

12. Applicant asserts that the trial court erred in preventing the defense from presenting evidence.

13. Applicant asserts that the verdict was rendered by less than 12 jurors.


## RELEVANT LAW

Supplemental Application

108

Article 11.07, § 4 provides:

**"EXHIBIT 1"**

(a)  If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(b)  For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

(c)  For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon 2004).

<u>Burden of Proof</u>

Applicant has the burden to allege and prove by a preponderance of the evidence facts which entitle him to relief.  *See Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex. Crim. App. 1985); *Ex parte Adams,* 768 S.W.2d 281, 288-289 (Tex. Crim. App. 1989).  Conclusory allegations are not enough to warrant habeas relief.  *Ex parte Young,* 418 S.W.2d 824 (Tex. Crim. App. 1967).

## FINDINGS OF FACT

This Court finds that Applicant has not alleged facts showing an inability to raise the issues in the instant application in his previous application(s) because the factual or legal basis for the claim

109

was unavailable on the date the previous application was filed. Nor has he proven by a preponderance of the evidence that but for a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt.

The Court finds that Applicant contends, in his Seventh Ground, that he was not given a complete record of the voir dire proceedings and could not challenge bias jurors that were not struck. Applicant contends in his Eighth, Ninth and Tenth Grounds that his counsel was ineffective for allowing six biased jurors to sit, and that the trial court allowed those biased jurors to be empaneled. The Court finds that Applicant has not stated which six jurors should have been struck or what their alleged bias was. Thus, Applicant has failed to present proof to support these allegations.

## CONCLUSIONS OF LAW

This Court concludes that Applicant has not alleged facts showing an inability to raise the issues in the instant application in his previous application(s) because the factual or legal basis for the claim was unavailable on the date the previous application was filed. Nor has he proven by a preponderance of the evidence that but for a violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt.

The Court concludes that Applicant has failed to provide support for his Seventh, Eighth, Ninth and Tenth Grounds.

110

## COURT'S RECOMMENDATION

This Court recommends that this Application for Writ of Habeas Corpus be DISMISSED.

## ORDERS OF THE COURT

In implementing the Court's Finding of Fact and Conclusions of Law, the Clerk will:

1. Prepare a transcript of papers in this cause and transmit the Court's Order and the Findings of Fact and Conclusions of Law, including the judgment and indictment, all plea papers, if any, and the Court of Appeals opinion, if any, to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07.

2. Send a copy of this Order and the Findings of Fact and Conclusions of Law to the Applicant and his counsel, if any, by depositing same in the U.S. Mail.

Signed and entered _____.

_____
JUDGE

111

Findings of Fact and Conclusions of Law                                           Page 5

## IN THE FIFTH CIRCUIT COURT

### IN RE:

### DANIEL GRUENFELDER

291st DISTRICT COURT

DALLAS COUNTY, TEXAS

Trial Cause No. FOO-37284-U(B)

### * * * JUDICIAL NOTICE * * *

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 201, Federal Rules of Evidence:

1.  The Trial Court gave erroneous statements of facts pertaining to not giving the names of the (six) jurors when in fact the names of the six jurors and their biasness is clearly within Ground 8 of Petitioner's State Writ of Habeas Corpus. See Exhibit I.

2.  The Trial Court failed to obtain an affidavit from applicant's counsel concerning issues of ineffective assistance of counsel.

3.  The Trial Court never ruled upon my newly discovered evidence via affidavits and exculpatory evidence (medical records, forensics and photographs.)

4.  The Trial Court allowed (15) days to elapse before sending their Findings of Fact to my address, denying me the opportunity to respond properly. See Exhibit "E".

5.  All claims herein are presented for the first time.

Respectfully Submitted,

DANIEL GRUENFELDER
TDCJ #1076538
3001 S. EMILY DR.
BEEVILLE, TEXAS 78102

DATED:  April 10, 2011

## GROUND EIGHT

## APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

## FROM FAILING TO HAVE A COMPLETE VOIR DIRE JURY LIST

Appellate counsel failed to make sure the final composition of the jury was included within the reporter's record and/or the clerk's record. Applicant was given an unfair trial when (six) 6 venire members were empanelled that should have been excused for cause. These six venire members were bias against the applicant and from such an unconstitutionally empanelled petit jury was allowed to render a guilty verdict against an innocent person.

Appellate counsel has a duty to ensure that a full record is included within the transcripts. For even a minimum analysis of the voir dire to be done the twelve jurors must be included in the record. Where such is the basic foundation of a fair trial.

The following six were allowed to sit on the jury where each expressed biasness against the applicant and were not struck for cause; Mrs. Gowens RR. Vol. 2, page 108; Mr. William RR. Vol. 2, pp. 44 and 50; Mr. Young RR. Vol. 2, pp. 49, 101, 109; Mrs. Spears RR. Vol. 2, p. 42; Mrs. Keefe RR. Vol. 2, p. 85; Mrs. Williams RR. Vol. 2, p. 76.

All of the above were empanelled for the applicant's trial. The applicant has a constitutional right to the effective assistance of counsel on appeal where, as in Texas, the appeal is a matter of rights under State law. See Evitts v Lucey 469 US 387 at 393, 105 S.Ct. 830 (1985); Douglas v California 372 US 353 at 356, 83 S. Ct. 814 (1963). Applicant's appellate counsel failed to:

1)      Master the trial record;

2)      Thoroughly research the law;

3)      Exercise judgment in identifying the arguments that may be advanced on the appeal.

See: McCoy v Court of Appeals of Wis. 486 US 429 at 438, 108 S.C. 1895 (1988).

-41-

To have the complete voir dire record is mandatory.  Such an error is so serious that counsel was not functioning as the counsel guaranteed to the applicant by the Sixth Amendment.  See Strickland v Washington 466 US 668, 104 S.Ct. 2052 (1984).

Had Applicant's counsel ordered a complete record of the voir dire the result of the appeal would have been different.  See Duhamel v Collins 955 F2d at 962 (5th Cir. 1992).  The applicant's only remedy is to have a new trial and remand for such since the court reporter is required to make a full record of the proceedings unless excused by agreement of the parties.  No agreement was ever made to forgo any voir dire portion to be omitted.  See Tex. R. App. P. 13.1(a); Tanguma v State 47 SW3d 663 (Tex. App.-Corpus Christi 2001); Smith v State 114 SW3d 66 (Tex. App.-Eastland 2003).

Therefore, the only remedy would be a new trial from Applicant counsel's deficient performance.