IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL GRUENFELDER, 1076538, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CV-2399-M |
| ) | |
| APRIL SMITH, ET AL., ) | |
| Defendants. ) | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (" RICO"), 18 U.S.C. § 1962. Defendants are state court employee April Smith, Judge Susan Hawk, Dallas County District Attorney Craig Watkins and Jane and John Doe Dallas County Assistant District Attorneys. Process has not issued pending preliminary screening.

Plaintiff claims April Smith drafted false findings of fact and conclusions of law denying his state habeas petition. He states that Judge Susan Hawk, Craig Watkins and the Jane and John Doe Assistant District Attorneys agreed with the false findings of fact and conclusions of law. Plaintiff seeks declaratory and injunctive relief.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

## II. SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.*" *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### 1. § 1983 Claims

Plaintiff alleges Defendants have violated his civil rights under § 1983. Defendants, however, are immune from suit under § 1983. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Court employees also are immune from actions "arising from acts they are specifically required to do under court order or at a judge's discretion." *Kastner v. Lawrence*, 390 Fed. Appx. 311, 315 (5th Cir. 2010) (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). Finally, prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imber v. Pachtman*, 424 U.S. 409, 427

(1976). Plaintiff's claims arise from actions the Defendants took in denying his state habeas petition. Their actions were therefore taken within the scope of their jurisdiction. Plaintiff's § 1983 claims should be dismissed.

**2. RICO**

Petitioner claims Defendants violated RICO. A person may violate RICO by (a) receiving income from a pattern of racketeering activity and investing that income in an enterprise; (b) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity; (c) conducting the affairs of an enterprise through a pattern of racketeering activity; and (d) conspiracy to violate subsections (a), (b) and (c). *See* 18 U.S.C. § 1962; *Abraham v. Singh*, 480 F.3d 351, 354-55 (5th Cir. 2007). Plaintiff alleges no facts showing, or creating a reasonable inference, of racketeering activity as defined in RICO. *See* 18 U.S.C. § 1961(1). Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 8th day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).